UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Debra Gahm, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Wings Financial Credit Union,<br><br>Defendant. | Case No.: _____ (___/___)<br><br>**NOTICE OF REMOVAL** |

TO: The Clerk of the United States District Court for the District of Minnesota, United States Courthouse, 300 South Fourth Street, 202 U.S. Courthouse, Minneapolis, MN 55415; and

Plaintiff above-named, by and through her counsel of record, Kate M. Baxter-Kauf, Karen Hanson Riebel, Lockridge Grindal Nauen PLLP, 100 Washington Avenue S., Suite 2200, Minneapolis, MN 55401; Lynn A. Toops, Cohen & Malad, LLP, One Indiana Square, Suite 1400, Indianapolis, IN 46204; J. Gerard Stranch, IV, Martin F. Schubert, Stranch, Jenninges & Garvey, PLLC, 223 Rosa L. parks Avenue, Suite 200, Nashville, TN 37203.

PLEASE TAKE NOTICE that Defendant Wings Financial Credit Union (hereinafter "Defendant") submits this Notice of Removal to the United States District Court for the District of Minnesota, to remove the state court action described below pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. In support of this removal, Defendant respectfully states as follows:

**INTRODUCTION**

1. On January 30, 2023, an action was commenced in the Second Judicial District, Ramsey County, Minnesota entitled *Debra Gahm v. Wings Financial Credit Union* (the "State Action") by service of the corresponding Summons and Class Action

2508853 v1

Complaint upon Defendant on January 31, 2023. A true and correct copy of the Summons and Class Action Compliant are attached to the Declaration of Paul W. Magyar as <u>Exhibit 1</u>.

2.      The original Class Action Complaint alleged state law claims for breach of contract, including breach of the covenant of good faith and fair dealing, as well as unjust enrichment and a claim based on Minnesota's Consumer Fraud Act. *See* Decl. PWM, Ex. 1, ¶¶ 95–118. No federal claims were raised in the original Class Action Complaint. *See generally id.*

3.      On November 15, 2023, Plaintiff filed and served her Amended Class Action Complaint. A true and correct copy of the Summons and Amended Class Action Compliant are attached to the Declaration of Paul W. Magyar as <u>Exhibit 23</u>.

4.      The Amended Class Action Compliant raised the same claims as the original Complaint, breach of contract, including breach of the covenant of good faith and fair dealing, unjust enrichment, and violation of Minnesota's Consumer Fraud Act. *See* Decl. PWM, Ex. 23, ¶¶ 96–119. No federal claims were raised in the Amended Class Action Complaint. *See generally id.*

5.      On November 8, 2024, Plaintiff filed a Notice of Motion and Motion for Leave to Amend the August 28, 2023 Case Management and Scheduling Order, and For Leave to Amend Plaintiff's Amended Class Action Complaint. A true and correct copy of the Notice of Motion and Motion is attached to the Declaration of Paul W. Magyar as <u>Exhibit 45</u>.

6. The Ramsey County District Court heard argument on Plaintiff's Motion on January 16, 2025. On April 15, 2025, the Ramsey County District Court issued its Order granting Plaintiff leave to file a Second Amended Complaint. A true and correct copy of the Order is attached to the Declaration of Paul W. Magyar as Exhibit 55.

7. On April 22, 2025, Plaintiff filed and served her Second Amended Complaint in state court. A true and correct copy of the Second Amended Complaint is attached to the Declaration of Paul W. Magyar as Exhibit 56.

8. In her Second Amended Complaint, Plaintiff now alleges, for the first time in this litigation, that Defendant violated federal law. *See* Decl. PWM, Ex. 56, ¶¶ 112–27 (alleging violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, and Regulation E, 12. C.F.R. § 1005, *et seq.*). Plaintiff specifically contends Defendant violated the Opt-In Rule under Regulation E, 12 C.F.R. § 1005.17, by "failing to provide its customers with a 'clear and readily understandable' description of the overdraft program which meets the strictures of 12 C.F.R. § 1005.17." *Id.*, ¶ 118. Plaintiff also alleges that "Defendant further violates 12 C.F.R. § 1005.17(d) by failing to use an opt-inform that is 'substantially similar to Model Form A-9' or including *any* information regarding limitations on fees, such as the maximum number of fees that may be assessed per day or that no such limit exists." *Id.*, ¶ 119. Plaintiff's Second Amended Complaint also includes a claim for violation of Minnesota's Consumer Fraud Act, which arises out of the same allegations that form the basis of Plaintiff's federal claim under the Electronic Funds Transfer Act and Regulation E. *See id.*, ¶¶ 128–132.

3

## FEDERAL COURT JURISDICTION & TIMELINESS

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's Second Amended Complaint alleges violations of Federal Law, specifically the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, and Regulation E, 12. C.F.R. § 1005, *et seq. Id.*, ¶¶ 112–27.

10. This Court has supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367 because such claims are so related that they form part of the same case or controversy, do not raise novel or complex issues of state law, and do not substantially predominate over federal claims. *Cf.* 28 U.S.C. § 1367 (c).

11. Removal is timely under 28 U.S.C. § 1446 (b)(3) because this Notice of Removal has been "filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The Ramsey County District Court did not grant Plaintiff's motion to amend until April 15, 2025, and Plaintiff did not file and serve her Second Amended Complaint until April 22, 2025. *See* Decl. PWM, Ex. 55, Ex. 56. Until the state trial court granted Plaintiff leave to amend her complaint and Plaintiff filed and served Defendant with her Second Amended Complaint, no federal claims were pleaded and pending against Defendant and no basis for federal jurisdiction existed. *See Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) ("Until the state judge granted the motion to amend, there was no basis for removal. Until then, the complaint did not state a federal claim. It might never state a claim, since the state judge might deny the motion. The statutory language that we quoted speaks of a motion or

4

other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens, in this case the granting of a motion by the state judge."); *see also* Freeman v. Blue Ridge Paper Prods., 551 F.3d 405, 409-10 (6th Cir. 2008) ("[T]he better view in a case like this one is that the time limit begins to run from the actual and effective amendment of the complaint . . . . This reading is supported by the fact that removal automatically places the case into federal court. § 1446(d). Therefore, removal before the state court actually amends the complaint may have the anomalous effect that the removed case lacks federal jurisdiction at the time that it is removed."); *see also Owings v. Deere & Co.*, 441 F. Supp. 2d 1011, 1013 (S.D. Iowa 2006) (collecting cases and holding removal based on plaintiff's motion to amend in state court was premature and insufficient to confer federal jurisdiction). Defendant's removal is thus timely because it occurred within thirty days of both the state court's order granting Plaintiff's Motion to Amend and Plaintiff's filing of her Second Amended Complaint.

## **VENUE**

12. The United States District Court for the District of Minnesota embraces the county where the State Action was filed, and thus, venue is proper pursuant to 28 U.S.C. § 103(3).

## **28 U.S.C. § 1446 COMPLIANCE AND RESERVATION OF RIGHTS**

13. Pursuant to 28 U.S.C. § 1446(a), Defendant has filed a copy of all process, pleadings and all other documents filed in the state court proceeding, which are attached to the Declaration of Paul W. Magyar, filed contemporaneously with this Notice of Removal.

2508853 v1

14. This Notice of Removal is signed by counsel for the Defendant pursuant to 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

15. As required by 28 U.S.C. § 1446(d), Defendant will file written notice of this removal with the Court Administrator of the District Court for the Second Judicial District for the State of Minnesota, Ramsey County. A true and correct copy of the Notice of Filing of Notice of Removal to be filed with the state court is attached to the Declaration of Paul W. Magyar as <u>Exhibit 59</u>. In addition, copies of the Notice to the state court, together with this Notice of Removal, will also be served upon Plaintiff, by and through her counsel, as required by the Rules of this Court.

16. By filing this Notice of Removal, Defendant does not waive any defenses, or concede that Plaintiff has stated any claims upon which relief may be granted. In addition, if any questions arise as to the propriety of the removal of this action, Defendant requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

WHEREFORE, Defendant Wings Financial Credit Union removes this action from the Second Judicial District for the State of Minnesota, County of Ramsey, and respectfully requests any further relief, general or specific, at law or in equity, to which it may be justly entitled.

**FOLEY & MANSFIELD, PLLP**

Dated: May 6, 2025   By: */s/ Paul Magyar*
                                      Lisa M. Lamm Bachman (#264313)
                                      Paul W. Magyar (#0399108)
                                      250 Marquette Avenue, Suite 540
                                      Minneapolis, MN 55401
                                      T: (612) 338-8788
                                      F: (612) 338-8690
                                      Email: llammbachman@foleymansfield.com
                                                     pmagyar@foleymansfield.com

Attorneys for Defendant